(No. 5606— ▮▮▮▮▮▮▮▮▮▮▮▮▮)

COUNTY OF COOK AND COOK COUNTY DEPARTMENT OF PUBLIC AID, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 29, 1969.*

485

Edward V. Hanrahan, Attorney for Claimants.

William J. Scott, Attorney General; Saul R. Wexler, Assistant Attorney General, for Respondent.

Perlin, C.J.

Claimants, County of Cook and the Cook County Department of Public Aid, seek recovery of $408,278.80 for hospitalization services rendered to various citizens of Cook County under Chap. 23, Sec. 12-21.15 (Public Aid Code), 1967 Ill. Rev. Stats., which provides in part:

"In counties providing aid under Article VII for persons who fall sick or die in a city, village, or incorporated town of more than 500,000 inhabitants, or in an incorporated town, which has superseded a civil township located within such county, the Illinois Department shall reimburse the county for expenses incurred for such aid (1) in a county hospital maintained by it under Sec. 24 of 'An Act to revise the law in relation to counties', . . ."

The complaint sets forth that the hospital rendered the services described, and gave blood to various patients; that the respondent's requirements of examining, auditing, approving each patient's account have been so examined, audited, and approved by the agents and representatives of respondents; and that the claimants are entitled to the amount claimed.

In answer to the complaint, respondent sets forth the Departmental Report of the State of Illinois, Department of Public Aid, which states that claimants failed to submit invoices for the services claimed before the appropriation for the biennium lapsed from which such claim could have been paid, and that claimants are justly entitled to the amount of the claim. The report also admitted all claimants' allegations.

Claimants have requested summary judgment of its claim. Respondent does not contest claimants' motion. There appear to be no triable issues of fact.

It has long been a rule of the Court that, where a contract with the State has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; and, (4) adequate funds were available at the time the contract was entered into, this Court will enter an award for the amount due. *Gilbert-Hodgman, Inc., a Corporation,* vs. *State of Illinois,* 24 C.C.R. 509. It appears that all the requirements have been met in the instant case.

Claimants' motion for a summary judgment is hereby granted, and claimants are hereby awarded the sum of $403,278.80.